■ In the Matter of 72A REALTY ASSOCIATES, Appellant, v STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [749 NYS2d 13] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about February 4, 2002, which denied petitioner landlord's application to annul respondent Division of Housing and Community Renewal's (DHCR) retroactive, temporary reduction of rent increases for major capital improvements (MCI) that DHCR had granted petitioner more than five years earlier, so as to take into account petitioner's receipt of a J-51 real estate tax abatement for the same items that petitioner received the MCI increase, and directed petitioner to refund the excess rent collected, unanimously affirmed, without costs.

The challenged orders temporarily reducing the two MCI increases previously awarded petitioner for the rent-controlled and rent-stabilized apartments in its building, retroactive to the effective date of the increase more than five years earlier in the case of the controlled apartments and to the effective date of the J-51 tax abatement more than nine years earlier in the case of the stabilized apartments, do not implicate the legislative concerns underlying the four-year statute of limitations in

Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26-516 (a) (2). The reduction of the MCI increases by a portion of the J-51 abatement attributable to the same improvements underlying the MCI increases (Administrative Code of City of NY § 11-243 [dd] [2]; 28 RCNY 5-03 [f] [6] [i]; NY City Rent and Eviction Regulations [9 NYCRR] § 2202.3 [a] [2]) did not require a historical analysis of each tenant's base rent, and all DHCR had to do was look at its initial per room MCI increase and make an adjustment based on the amount of the J-51 tax abatement. In addition, the MCI order expressly notified petitioner that DHCR's jurisdiction was continuing and that the MCI increases would be subject to future offset if there were a J-51 abatement. Thus, petitioner had clear notice that the obligation to make such an offset was one that continued over the life of the abatement, and thus, to the extent needed to compute refunds, petitioner should not have discarded its rent records. We have considered petitioner's other arguments and find them unavailing. Concur—Williams, P.J., Buckley, Sullivan and Lerner, JJ.